People of the State of Illinois, Plaintiff-Appellee, v. Emily Kapustka, Defendant-Appellant.

Gen. No. 53,124.

First District, Fourth Division.

October 8, 1969.

J. Edward Jones, of Blue Island, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

### OFFENSE CHARGED

Criminal damage to property. Ill Rev Stats (1967), c 38, § 21–1(a).

### JUDGMENT

After a bench trial, defendant was found guilty and sentenced to 10 days in the House of Correction and one year's probation.

### POINTS RAISED ON APPEAL

(1) There were numerous trial errors, including: a misstatement of the evidence by the State's Attorney, and the improper introduction of evidence designed to impeach an alibi witness.

(2) The evidence was insufficient to support the decision by the trial court.

(3) Defendant was not accorded a fair and proper hearing in aggravation and mitigation.

### EVIDENCE

Mrs. Delores Evers, for the State:

At approximately 10:00 p. m., on July 30, 1967, she took her dog out for a walk, heading toward the back of the yard at her home in Blue Island, Illinois. The dog ran to the back of the lot and witness followed, shining her flashlight. She saw defendant from three feet away, throwing black paint from a can onto the door of the Evers' garage. She had known defendant since 1963 and seen her on more than 10 occasions. When the light shone on defendant, she stopped, and each one looked at the

other. Witness asked her, "What the hell are you doing behind my garage?" Defendant then ran down the alley to get away.

Emily Kapustka, on her own behalf:

At 10:00 p. m., on the evening in question, she was in Bangor, Michigan, 125 miles from Chicago, and didn't return to Harvey, Illinois (near Blue Island) until 1:30 a. m.

Helen Palchek, for defendant:

She is a friend of defendant and was with defendant in Bangor, Michigan the weekend of July 30, 1967. They didn't leave there until 10:30 that evening. She often takes girl friends to Bangor, as often as 25 times a year.

Debbie Kay Kapustka:

The 13-year-old daughter of defendant, she remembered that on some weekend in July her mother went to Michigan with Mrs. Palchek.

OPINION

█ Defendant contends that the prosecuting attorney misstated evidence, in closing argument, to the effect that the alibi witness (Helen Palchek) "can't remember the times she went up there" and "does not represent the type of credible alibi witness that would be required for the Court to give any credence to." We find from a review of the record that some degree of confusion did exist in the witness' mind. Further, the statement was in no way prejudicial to defendant as reflected in the court's appraisal of the relevant evidence:

> We have the witness, Helen Palchek, that testified they were up there on a particular weekend in Michigan, but returned on . . . Monday morning at 1:30 . . . .

Defendant's additional contention that the State attempted to impeach the same witness' testimony by reference to collateral matters is not substantiated. An objection to the line of questioning complained of was sustained.

■■ The trial judge, being the trier of fact, was in the best position to weigh the testimony and evaluate the credibility of the witnesses. His determination in these matters will not be set aside merely because the testimony is conflicting. We find that the testimony of the State's witness was adequate, if believed, to justify the judgment.

■ Defendant's final contention that she was not accorded a fair and proper hearing in aggravation and mitigation because certain evidence was improperly admitted and resulted in prejudice to defendant, is also untenable. The pertinent statute, Ill Rev Stats (1967), c 38, § 1–7(g) provides:

> For the purpose of determining sentence to be imposed, the court shall, after conviction, consider the evidence, if any, received upon the trial and shall also hear and receive evidence, if any, as to the moral character, life, family, occupation and criminal record of the offender and may consider such evidence in aggravation or mitigation of the offense.

It was clearly within the scope of the hearing contemplated by this statute that the court was advised of defendant's record of past harassment and other property damage, along with the court psychiatrist's report. This was proper, pertinent evidence. The breadth of admissible information in such hearings was discussed in People v. Mann, 27 Ill2d 135, at page 139, 188 NE2d 665:

> . . . the court is not bound by the usual rules of evidence found in criminal prosecutions but may search anywhere within reasonable bounds for other facts which tend to aggravate or mitigate the offense, including the moral character of defendant, his habits, social environment and motivations.

We find no prejudice to defendant in the hearing conducted in the instant case.

The judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER, P. J. and McNAMARA, J., concur.